GENERAL COURT, (E. S.) APRIL TERM, 1804.

## Philips *vs.* Dashiell's Lessee.

Where a testator by his will had devised to his heir at law the same estate in lands which he would have had by descent—*Held* that he took by descent and not by purchase

APPEAL from *Somerset* county court. The appellee brought an *action of ejectment*, and the following case was submitted for the decision of the county court, viz. *Levi Dashiell* being seized in fee, (amongst others,) of part of a tract of land called *First Choice*, by his will, dated the 27th February 1786, devised one third of his real and personal estate to his wife during her widowhood; remainder as afterwards to be expressed in his will, viz—"To *George Dashiell*, my son, all my part of the tract of land called *First Choice*, containing 100 acres, bequeathing all my right to one third part of my personal estate to him and his heirs for ever." On the 20th March 1786, *Levi Dashiell* died, leaving a widow, and two sons, *George*, (the eldest,) and *Henry*, both minors. *George Philips*, (the defendant in the county court,) then-maternal grandfather, entered into possession of the

land as guardian to the minors. The widow soon afterwards married *William Philips*, and had issue *Peregrine* and *Eleanor*. In 1796 or 1797, *Henry Dashiell* and *George Dashiell*, both died minors and intestate. *Henry* died first. *Henry Dashiell*, the lessor of the plaintiff, was brother of the whole blood to *Levi Dashiell*, the testator, and brought this action of ejectment against *George Philips*, (the appellant,) who defended for *Peregrine* and *Eleanor*, brother and sister of the half blood of *George Dashiell*, the devisee, and had judgment there, from which judgment is the present appeal.

*J. Bayly*, for the appellant, contended, that *George Dashiell* took by devise and not by descent. The devise to the widow confirms it. He was devisee in fee, not for life. He relied on the act of descents 1786, c. 45, s. 1, which marks the distinction between descent and purchase, and gives to the half blood where the estate is acquired by purchase.

*J. Dennis*, contra. If *George Dashiell* was devisee in fee, which is not admitted, the judgment of the court below was right; for by the act of descents the half blood can only take an estate, not derived through the ancestor. A statutory remedy is to be co-extensive with the evil. The evil was, that land, however it came, would sooner escheat than go to the half-blood. The restricted word *purchase*, above stated, are therefore peculiar, and exclude devise. But *George Dashiell* was in by descent, the worthier title, and not by devise. If the devise gave a fee, it was not more than the law would do by descent—An estate in reversion by descent, is to be preferred to an estate in remainder of the same nature and quantity by devise. *Pow. on Dev.* 428, 430, 432. Charging with debts makes no difference, even if taking by devise is more beneficial to the devisee himself. *Pow. on Dev.* 433, 434, 435.

By the Court, *George Dashiell* took by descent, not by purchase.

JUDGMENT AFFIRMED.